Everett SMITH, Plaintiff In Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12448.

Criminal Court of Appeals of Oklahoma.

July 3, 1957.

Hughes & Hughes, Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Everett Smith has appealed from a conviction in the county court of Tillman County where he was charged by information for driving a motor vehicle while under the influence of intoxicating liquor. A jury found defendant guilty, assessed his punishment at 20 days in the county jail and to pay a fine of $150. The record presents a sharp conflict in the testimony of the state and defense witnesses. Three witnesses including Sheriff L. L. Kilgore, Fagin Spain, the jailer, and a witness by the name of E. A. Hefner, testified for the state and were positive the defendant was drunk. Terrell Coats, the defendant, Charley West, and Robert West testified just as positive that the defendant was sober. We do not deem it necessary to elaborate on the testimony of the sobriety of the defendant further. This drastic conflict in the testimony definitely presented a question for the jury to determine and where there is competent testimony from which they could have drawn an inference to support their verdict it will not be disturbed by this court.

This court has said in Sholes v. State, 97 Okl.Cr. 158, 260 P.2d 440, 442:

"Where there is competent evidence in the record from which the jury could reasonably conclude that defendant was guilty as charged, this court will not interfere with verdict even if there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the exclusive

province of the jury to weigh the evidence and determine the facts."

Plaintiff in error raises the additional question of nonresponsive statements being made voluntarily by witness L. L. Kilgore, Sheriff of Tillman County, as being prejudicial to the defendant. The statement complained of was in response to a question of the county attorney as reflected by the transcript as follows:

"Q. When you brought him up to the jail, did he stagger? A. Yeah. We had to hold him to get him back to the jail after we got him to the fourth floor. *I have seen Gripey when he was drinking. This was the drunkest I ever saw him.*

"Mr. Hughes: I believe I'm going to object to that as being incompetent, irrelevant and immaterial, and ask it to be stricken. And he is not charged but one time, and that is on April 5, and the jury admonished not to consider that voluntary statement of the officer.

"By the Court: Objection sustained, and jury admonished to consider just this one case before you, and not what might have happened or might not have happened in the past.

"Mr. Hughes: And at this time the defendant moves for mistrial due to the prejudicial nature of the voluntary statement made by the officer.

"By the Court: The motion will be overruled.

"Mr. Hughes: Give us an exception.

"By the Court: Exception allowed."

This court cannot emphasize too strongly its disapproval of officers who become over zealous in obtaining convictions by going outside the rules of evidence and offering incompetent testimony by method of voluntary statements not responsive to questions propounded by counsel whether it be by the state or defense. It certainly does not come within their duty and in many instances reflects improper conduct. The statement complained of no doubt worked against the interest of the defendant and in a close case could tip the scales one way or the other. We denote from the record that an objection was made and the court admonished the jury not to consider the same and though this may have lightened the blow, the evidential harpoon is bound to have left its mark. From the evidence, a retrial of the case may produce the same result but we cannot ignore the fact that such statement could serve the purpose of a more severe punishment being rendered. For that reason, the judgment of the court should be modified from a fine of $150 and 20 days in the county jail to a fine of $50 and 10 days in the county jail, and as so modified, the judgment and sentence of the county court of Tillman County is affirmed.

BRETT, P. J., and POWELL, J., concur.